UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD ANDREW,<br><br>　　Plaintiff,<br><br>　　v.<br><br>WEXFORD OF INDIANA, LLC, *et al.*,<br><br>　　Defendants. | CASE NO. 3:21-CV-00374-JD-MGG |

**OPINION AND ORDER**

This matter is before this Court on Defendants' Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) filed on June 15, 2021. Defendants' Motion is fully briefed and ripe for a ruling.

**I.　BACKGROUND**

Plaintiff filed a Complaint against Defendants pursuant to 42 U.S.C. § 1983 on April 21, 2021. The Complaint stems from medical care Defendants provided Plaintiff at the Indiana Department of Correction's Westville Correctional Facility following a cancer removal surgery that left Plaintiff with an ileostomy and an external pouch for removing bodily waste. As relevant here, Plaintiff alleges the following:

> 79.　Defendants Livers, Pacheco, and Wexford of Indiana, LLC, are liable for the failures to comply with the applicable standard of care, negligence, and *all other torts*.

[DE 1 at 14 (emphasis added)]. Defendants contend that "Plaintiff's Complaint fails to put [D]efendants on notice as to the claims brought against them." [DE 16 at 2]. In particular, they contend that Plaintiff's use of the phrase "all other torts" leaves

Defendants "unable to ascertain what claims are being alleged." [DE 16 at 3. They ask this Court to grant their Motion and "order Plaintiff to amend his Complaint indicating, with particularity[,] the claims brought against each individual defendant." *Id.*

## II. ANALYSIS

Rule 12(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion, this Court takes its guidance from the federal pleading requirements. Per Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also provide enough details about the case to present a story that holds together. *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010).

A motion for a more definite statement may be appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). However, with the extensive nature of discovery allowed under the Federal Rules of Civil Procedure, such relief is reserved for instances where the answering party will not be able to frame a responsive pleading. *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010). As such, Rule

2

12(e) motions should not be used to gain additional information but to address unintelligible pleadings. *Kingsbury Int'l, Ltd. v. Trade the News, Inc.*, No. 08-C-3110, 2008 WL 4853615, at *2 (N.D. Ill. Oct. 28, 2008). Moreover, Rule 12(e) motions for more definite statement should not be granted if the movant's purpose is to find more information that could be gathered through actual discovery. *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406, 2011 WL 4537911, at *6 (N.D. Ind. Sept. 28, 2011).

In this case, Defendants contend that Plaintiff's Complaint is too vague for them to understand the scope of the claims being brought against them and who each claim is directed against. They argue that the catchall phrase "all other torts" could amount to any claim except breach of contract. [DE 18 at 3]. However, when all of Plaintiff's allegations are considered, the Complaint contains enough information to dispense with Defendants' concerns. The Complaint alleges, among others, a violation of Plaintiff's Eighth Amendment rights [DE 1 at 13, ¶ 78] and a deliberate indifference to Plaintiff's serious medical needs leading to physical and emotional pain [DE 1 at 13, ¶ 73]. The same paragraph containing "all other torts" states that Defendants are "liable for the failures to comply with the applicable standard of care [and] negligence." [DE 1 at 14, ¶ 79]. The allegations are not unintelligible, ambiguous, or vague. They contain enough details, including dates, actions, and names, to hold Plaintiff's story together. *See Swanson*, 614 F.3d at 404.

Therefore, Defendants are sufficiently on notice of the scope of Plaintiff's deliberate indifference and related claims stemming from their conduct while treating Plaintiff, the grounds for such claims, and the identity of the relevant defendants in

each claim. All this information is enough to prepare a response, after which Defendant can gain greater clarity through discovery. *See* Nikolic, No. 2:10-CV-406, 2011 WL 4537911, at *6.

Furthermore, Defendants' reliance on Thomas v. Hyde, No. 13–CV–35, 2013 WL 1001438 (S.D. Ill. 2013) is misplaced. In *Thomas*, the defendant, a State Attorney, needed to know basic details to determine whether the claim was one from which he could be immune by virtue of his position. *See* id. at *2. Here, Defendants argue that the Complaint lacked not facts but clarity about the types of claims against them. Defendants acknowledge that Plaintiff provides ample factual allegations. These allegations, as discussed above, put the Defendants on fair notice of the claims against them consistent with the pleading standard set forth in *Twombly*. *See* 550 U.S. at 545.

Defendants' analogy to Wooden v. Barone, No. 6-CV-790, 2007 WL 2481170 (S.D. Ill. 2007) is also inadequate. In *Wooden*, the court "steer[ed] a middle course" between the Seventh Circuit's high standards for First Amendment claims, as indicated in *Doherty* and *Kyle*, and the more lenient standards of Federal Rule of Civil Procedure 8. Id. at *8; *cf.* Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996) (stating that in Section 1983 allegations against local government, "there must be sufficient facts pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint."); Kyle v. Morton High School, 144 F.3d 448, 454 (7th Cir. 1998) ("To avoid dismissal, the complaint for a First Amendment violation must at least put the defendants on notice that some specific speech or conduct by the plaintiff led to the termination.") The *Wooden* court granted a motion for more definite statement because

4

of the Seventh Circuit's more restrictive approach to First Amendment cases. *Id.* at *7. Here, however, Plaintiff is not seeking relief for a violation of his First Amendment rights; thus, the heightened pleading standard enforced in *Wooden* does not apply.

For the forgoing reasons, Defendants have not met their burden to show that Plaintiff's Complaint is so vague or ambiguous as to prevent them from preparing a responsive pleading. *See MacNeil Auto. Prods.*, 715 F. Supp. 2d at 790; *Kingsbury Int'l, Ltd.*, No. 08-C-3110, 2008 WL 4853615, at *2. Accordingly, a more definite statement is not warranted.

### III.   CONCLUSION

The Defendants' Motion for a More Definite Statement, pursuant to Federal Rule of Procedure 12(e), is hereby **DENIED**. [DE 15]

**SO ORDERED** this 31st day of August 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge